they were absent from home, and that she did other household work.

In *Heffron v. Brown*, 155 Ill. 322, the rule is laid down that where a person lives in the family as if a member thereof and renders services and receives support, that the services and support were all contributions to the family relation and neither party can recover from the other therefor unless there was an express contract that compensation should be paid, or unless the circumstances are such that it will be a reasonable inference therefrom that a contract did exist or that compensation was mutually intended.

It does appear from the evidence that Hartman said he had sometimes used a little of Louisa's interest when he needed it, but that he had paid it all back. It is also in evidence that he said, "I don't know what I would do if it wasn't for Louisa. I don't know how we would get the work done, because when her mother wasn't well Louisa had to do it all." It is also in evidence that Louisa called Hartman, "father."

From all this evidence it is clear to us that Hartman did not intend to use any of Louisa's money, principal or interest, or charge her for her care and support. There is nothing in the evidence from which any intention to charge her could be found. The court below properly allowed nothing for this care.

Judgment affirmed.

*Affirmed.*

---

**The People of the State of Illinois ex rel. Charles A. Johnson et al., Appellee, v. John Bushell et al., Appellants.**

**Gen. No. 5,845. (Not to be reported in full.)**

Appeal from the Circuit Court of Peoria county; the Hon. LESLIE D. PUTERBAUGH, Judge, presiding. Heard in this court at the October term, 1913. Affirmed. Opinion filed April 15, 1914.

## Statement of the Case.

Bill by the People of the State of Illinois on the relation of Charles A. Johnson and others against John Bushell and others to enjoin defendants from operating an asphalt factory in a residence district of the village of Averyville, Illinois, in a manner to cause dense clouds of smoke, dirt and other substances to issue therefrom, or to permit any noxious or offensive smell to emanate from said factories to the danger of the health of individuals and the public. A preliminary injunction was issued and on a hearing upon answer and replications filed a decree was entered making the injunction perpetual.

From the decree, defendants appeal.

Richard H. Radley, for appellants.

C. E. McNemar, for appellee.

Mr. Presiding Justice Whitney delivered the opinion of the court.

### Abstract of the Decision.

Nuisance, § 21*—*when operation of asphalt factory may be enjoined.* On bill to enjoin the defendants from operating an asphalt factory in a residence district in a manner to cause clouds of smoke, dirt and other substances and noxious odors to issue therefrom to the danger of the health of individuals and the public, *held* that a decree granting a perpetual injunction was proper under the evidence, though it had not been first established at law that the factory was a nuisance, there being no substantial dispute in the evidence but that the plant was a nuisance and that the relators were injured.

*See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number.